Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOE,<br><br>                         Plaintiff,<br><br>    v.<br><br>AMHERST COLLEGE, CAROLYN MARTIN, JAMES LARIMORE, TORIN MOORE, SUSIE MITTON SHANNON, and LAURIE FRANKL,<br><br>                         Defendant. | No.  16-MC-00128-RSL<br><br>NON-PARTY SANDRA JONES' REPLY IN SUPPORT OF HER MOTION TO QUASH SUBPOENA OR IN THE ALTERNATIVE MOTION FOR A PROTECTIVE ORDER<br><br>NOTE ON MOTION CALENDAR: August 12, 2016<br><br>**ORAL ARGUMENT REQUESTED** |

## PLAINTIFF'S REQUEST FOR TELEPHONIC HEARING

Plaintiff, in his opposition, has requested that the parties be able to appear for any hearing scheduled on Ms. Jones' Motion via telephone.   Should the Court grant oral argument, Ms. Jones does not object to any other party appearing by phone.  Counsel for Ms. Jones however will appear in person for any hearing scheduled on the Motion.

{W1033724 JCC}NON-PARTY SANDRA JONES'
REPLY IN SUPPORT OF HER MOTION TO
QUASH SUBPOENA OR IN THE
ALTERNATIVE MOTION FOR A
PROTECTIVE ORDER – 1

(16-MC-00128-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1

## REPLY TO PLAINTIFF'S OPPOSITION

2       In a recent trend, students expelled for sexual misconduct have begun filing civil

3  lawsuits, seeking new avenues to appeal student conduct hearings after exhausting school

4  procedures.  Plaintiff, John Doe, is one such student who was expelled after his school

5  found him responsible for sexual assault.  In doing so, Mr. Doe now improperly seeks to re-

6  litigate the student conduct hearing.  In opposing Ms. Jones' Motion to Quash or in the

7  Alternative Motion for a Protective Order ("Motion"), Plaintiff fails to establish both

8  relevance and proportionality and as such, Ms. Jones asks the Court to grant the proposed

9  relief.

10

11  I.    Plaintiff's Opposition Demonstrates the Lack of Relevance in the Evidence Sought

12

13       Initially, Ms. Jones notes that Plaintiff's pleading starts in the same fashion as

14  virtually every communication from Plaintiff, an aggressive attempt to paint Ms. Jones in a

15  negative and promiscuous light citing only to Plaintiff's own amended complaint as the

16  source.  In Plaintiff's Opposition to the Motion, Plaintiff identifies a list of areas of

17  examination for Ms. Jones's deposition that have little-to-no relevance to either his Title IX

18  or breach of contract claims against the school but instead represents a transparent attempt

19  to harass Ms. Jones.  These questionable areas of discovery are as follows:

20

21     1.  Why Ms. Jones decided to pursue a disciplinary hearing,

22     2.  How Ms. Jones decided to pursue a disciplinary hearing,

23     3.  Why Ms. Jones delayed her report to the College,

24     4.  Ms. Jones' personal expectations disciplinary process,

25     5.  Ms. Jones' perception of the environment on the campus,

26  {W1033724 JCC}NON-PARTY SANDRA JONES'
REPLY IN SUPPORT OF HER
MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION TO QUASH SUBPOENA OR IN
THE ALTERNATIVE MOTION FOR A
PROTECTIVE ORDER – 2

(16-MC-00128-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

6.  How Ms. Jones explains alleged inconsistencies between her texts and other
statements,

7.  Other sexual history between Ms. Jones and the witness identified as ML,

8.  How Ms. Jones explains her sexual history with ML,

9.  What Ms. Jones was intending when she sent each text message,

10.  And what other text messages or emails exist.

Though these areas might be relevant *if* this litigation involved retrying the code of conduct hearing, it does not here. Such a retrial is expressly prohibited in a civil proceeding, and Plaintiff makes no effort to explain the nexus of the discovery sought to the actual pending claims and instead generically cites to the wide scope of discovery.[1]  Not even Plaintiff suggests that the ultimate truth or veracity of the sexual assault is a proper basis for any claim in this litigation.

Plaintiff next seeks to compare this Motion to an earlier motion for a protective order denied by the forum court regarding hearing panelist Eric Hamako.  In that ruling, the forum court appropriately found that as one of the three panelists that actually made the determination on Plaintiff's case, Mr. Hamako had "core information relevant to [Plaintiff's] claims of gender discrimination."  Exhibit C at 13.  Additionally, given the clear relevance of Hamako's testimony as a hearing panelist on Plaintiff's claims, the forum court did not even attempt to make the proportionality review required here.

Plaintiff's other area of discovery sought–  communications between Ms. Jones and Amherst – may have some arguable relevance.  But to the extent that the Court finds

---

[1] Plaintiff also mistakenly claims that the protections of sexual assault victims contemplated in Fed. R. Evid. 412 does not apply to discovery.  As stated in the Motion, the comments in Fed. R. Evid. 412 make clear that courts should fashion protective orders to address discovery in civil proceedings involving alleged sexual assault.  Motion, at 10.

{W1033724 JCC} NON-PARTY SANDRA JONES'
REPLY IN SUPPORT OF HER
MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION TO QUASH SUBPOENA OR IN
THE ALTERNATIVE MOTION FOR A
PROTECTIVE ORDER – 3

(16-MC-00128-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1 those areas of discovery relevant,  a narrowly tailored order on the subpoena duces tecum

2 and written deposition questions would more than suffice.

3

4 II.    Plaintiff has Not Even Attempted to Establish Proportionality as Required

5          Plaintiff has further failed to meet his burden to show that the discovery sought is

6 proportional to the needs of the case.  The party seeking discovery bears the burden of

7 establishing both the relevancy and proportionality of the evidence sought. *Gilead Scis. Inc. v.*

8 *Merck & Co., Inc.,* No. 13-cv-04057, 2016 WL 146574 at * 1 (N.D. Cal. Jan. 13, 2016).

9 Though Ms. Jones herself has suggested proportional means of achieving discovery,

10 Plaintiff has chosen to not even address this requirement, and as such, the Motion should be

11 granted.

12

13 III.    Undue Burden is Clear in this Case Where Plaintiff Has Sought to Harass Ms. Jones

14          Plaintiff remarkably suggests that the discovery would not pose an undue burden

15 upon Ms. Jones yet noticeably avoids addressing the allegations in Ms. Jones's Motion

16 regarding the repeated and disparaging media appearances by Plaintiff's counsel.  Aside

17 from the national television interviews which attack Ms. Jones (as identified in Ms. Jones'

18 Motion), Plaintiff has also taken the clear position in other pleadings that only student

19 names are justified to be kept from the public and nothing more.  *See* Exhibit A,  at 7

20 (Plaintiff's Proposed Opposition to Amherst's Motion to Seal) .  Given the Plaintiff's

21 varying position on confidentiality as well as his counsel's proclivity to smear Ms. Jones on

22 national television, Plaintiff's assurances are of no value.  Moreover, the fundamental notion

23 of examination of a non-party to a case on her sexual abuse raises independent and

24 justifiable concerns about undue burden.

25

26 {W1033724 JCC}NON-PARTY SANDRA JONES'
REPLY IN SUPPORT OF HER
MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION TO QUASH SUBPOENA OR IN
THE ALTERNATIVE MOTION FOR A
PROTECTIVE ORDER – 4

(16-MC-00128-RSL)

1    Given the circumstances presented, this Court should exercise its discretion under

2    Fed. R. Civ. P. 26(c) to fashion remedies that limit the burden on Ms. Jones.   Those

3    remedies include requiring Plaintiff to first seek information from other sources (such as

4    Defendants) as well as use of limited written questioning in lieu of unlimited oral testimony.

5    Such relief is appropriate and fair to all parties and Ms. Jones asks this Court for an order

6    reflecting the same.

7

8                                        **CONCLUSION**

9    For the forgoing reasons, Ms. Jones asks this Court to GRANT her motion.

10    DATED this 12th day of August, 2016.

11

12                                        s/John Clune                         
                                          JOHN CLUNE, Colorado Bar #27684
13                                        Attorney for Sandra Jones
                                          **HUTCHINSON BLACK & COOK, LLC**
14                                        921 Walnut Street, Ste. 200
                                          Boulder, CO  80302
15                                        Phone:  (303) 442-6514
                                          Fax:  (303) 442-6593
16                                        Email:  clune@hbboulder.com

17                                        s/Kathryn Goater                      
                                          KATHRYN GOATER, WSBA #9648
18                                        REBECCA J. ROE, WSBA #7560
                                          Attorney for Sandra Jones
19                                        **SCHROETER, GOLDMARK & BENDER**
                                          810 Third Avenue, Suite 500
20                                        Seattle, WA  98104
                                          Phone:  (206) 622-8000
21                                        Fax:  (206) 682-2305
                                          Email:  goater@sgb-law.com
22

23

24

25

26    {W1033724 JCC}NON-PARTY SANDRA JONES'
      REPLY IN SUPPORT OF HER
      MEMORANDUM OF LAW IN SUPPORT OF
      HER MOTION TO QUASH SUBPOENA OR IN
      THE ALTERNATIVE MOTION FOR A
      PROTECTIVE ORDER – 5

      (16-MC-00128-RSL)

**CERTIFICATE OF SERVICE**

1

I hereby certify that on August 12, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  I further certify that I have emailed the foregoing to the attorneys listed below.

2

3

Counsel for Amherst College, Carolyn Martin, James Larimore, Torin Moore, Susie Mitton Shannon and Laurie Frankl

4

Scott A. Roberts (BBO No. 550732)
Tobias W. Crawford (BBO No. 678621)

5

Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor

6

Boston, Massachusetts 02110
(617) 348-4300

7

sroberts@hrwlawyers.com
tcrawford@hrwlawyers.com

8

Counsel for Amherst College

9

Counsel for John Doe
Max D. Stern

10

Megan C. Deluhery
Hillary Lehmann

11

Todd & Weld LLP
One Federal Street

12

Boston, MA 02110
617-720-2626

13

617-227-5777 (fax)
mdstern@toddweld.com

14

mdeluhery@toddweld.com
hlehmann@toddweld.com

15

16

_s/Alison Mabbutt_____
Legal Assistant

17

SCHROETER GOLDMARK & BENDER
810 Third Avenue, Suite 500

18

Seattle, WA 98104
Phone: (206)622-8000

19

Fax: (206)682-2305
Email: mabbutt@sgb-law.com

20

21

22

23

24

25

26

{W1033724 JCC}NON-PARTY SANDRA JONES'
REPLY IN SUPPORT OF HER
MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION TO QUASH SUBPOENA OR IN
THE ALTERNATIVE MOTION FOR A
PROTECTIVE ORDER – 6

(16-MC-00128-RSL)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305